UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------

ANNA STANCZYK,

Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. RICHARD
DeMARTINO, Shield No. 12739, P.O. SHAUN
GROSSWEILER, "JOHN DOE" #1-10, (the names "John
Doe" being fictitious, as the true names are presently
unknown), individually and in their official capacities,

Defendants.

-------------------------------------------------  x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JAN 1 8 2011  ★

**BROOKLYN OFFICE**

**COMPLAINT**

**Jury Trial Demanded**

**ECF CASE**

**CV 11-0249**

**BLOCK, J.**

**REYES, M.**

Plaintiff, ANNA STANCZYK, by her attorney, Jon L. Norinsberg, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    The jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331 and 1343.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## STATEMENT OF FACTS

13.     On November 26, 2010, at approximately 8:20 a.m., plaintiff ANNA STANCZYK was lawfully on Shore Front Parkway in the vicinity of Beach 78th Street, in the County of Queens, City and State of New York.

14.     At the aforesaid time and place, plaintiff ANNA STANCZYK was walking her dog, Psotka, before her daily ritual of attending church.

15.     Officers Shaun Grossweiler and Richard DeMartino ("the officers") came up to plaintiff in a police car and accused plaintiff ANNA STANCZYK of not picking up after her dog.

16.     Plaintiff ANNA STANCZYK tried to explain to the officers that her dog, Psotka, had not excreted any waste.

17.     The officers pointed to some dog waste in a completely different area from where plaintiff and her dog had been walking.

18. The plaintiff ANNA STANCZYK explained to the officers, in a calm and reasonable manner, that this could not possibly be her dog's waste, as she had not walked in this area.

19. However, the officers refused to listen to plaintiff ANNA STANCZYK. Instead, defendant officers demanded, in a rude and offensive manner, that plaintiff "pick it up!"

20. Plaintiff ANNA STANCZYK again explained to the officers that the waste did not belong to her dog.

21. In response, one of the officers demanded again, in an even louder tone, that plaintiff "pick it up!!"

22. Even though plaintiff ANNA STANCZYK knew that it was not her dog's waste, plaintiff agreed to pick up the waste in order to avoid any trouble with the officers.

23. Notwithstanding plaintiff ANNA STANCZYK's compliance with their demands, defendant officers thereafter ordered plaintiff to produce her license and identification.

24. Plaintiff ANNA STANCZYK mentioned that she did not have these items on her, but she offered to go back home to retrieve them.

25. Defendant officers then conducted a pat search of plaintiff ANNA STANCZYK and proceeded to return to their vehicle.

26. Plaintiff ANNA STANCZYK then calmly stated to the defendant officers that "I did not do anything wrong."

27.    At that point, the officers jumped out of their police car and told plaintiff ANNA STANCZYK that she was going to be placed under arrest.

28.    The officers then demanded plaintiff ANNA STANCZYK to extend her hands to be handcuffed.

29.    The officers then violently thrust her hands back and handcuffed her, causing plaintiff ANNA STANCZYK's bags and leash to fall to the ground.

30.    Plaintiff ANNA STANCZYK was then shoved in the police car with full force.

31.    At that point, out of concern and fear for her dog's safety, plaintiff ANNA STANCZYK yelled, "My dog! My dog!"

32.    Plaintiff ANNA STANCZYK called out for help and begged the officers to let her go.

33.    Ignoring her pleas, one of the officers repeatedly punched plaintiff ANNA STANCZYK, striking her in breast, underneath her eye, around her waist and under her arms. The force of these punches left visible bruises on plaintiff's face and body. See Exhibit A.

34.    This unlawful assault was witnessed by at least two civilian witnesses, Grace Fitgerald and Stacy Pasal.

35.    While one of the officers was punching plaintiff ANNA STANCZYK, his partner shoved plaintiff deeper into the vehicle, forcibly striking plaintiff's knee in the process.

36.    Plaintiff ANNA STANCZYK was now crying and still fearing for the safety of her dog.

37.     At that point two of plaintiff's neighbors rushed to plaintiff ANNA STANCZYK's aid.

38.     One of the neighbors begged the officers to let plaintiff go, while the other assured plaintiff ANNA STANCZYK that she would take the dog back to plaintiff's husband's and son's apartment.

39.     Plaintiff ANNA STANCZYK was then taken to the 100th Precinct, in the County of Queens, in the City and State of New York.

40.     At the precinct, plaintiff ANNA STANCZYK begged for the officers to call for an ambulance.

41.     An ambulance was called and plaintiff ANNA STANCZYK was taken to Peninsula Hospital and seen in the emergency room.

42.     Plaintiff ANNA STANCZYK was advised to visit an orthopedic surgeon, which she did in fact do. The orthopedic surgeon in turn recommended that plaintiff get an MRI for her knee, which revealed that plaintiff had suffered an avulsion fracture and multiple tears in her right knee as a result of defendants' unlawful use of force.

43.     Thereafter, plaintiff ANNA STANCZYK was taken back to the precinct and then to Central Booking.

44.     As a result of her unlawful arrest, plaintiff ANNA STANCZYK spent about a day in jail.

45.     In connection with this arrest, defendants filled out false police reports and forwarded these reports to prosecutors in the Queens County District Attorney's Office.

46.   At arraignment, plaintiff's case was adjourned in contemplation of dismissal.

47.   Prior to this incident, plaintiff ANNA STANCZYK, a 49 year-old housewife and mother, had never before been arrested and had never had any dealings whatsoever with the criminal justice system.

48.   As a result of the foregoing, plaintiff ANNA STANCZYK sustained, *inter alia*, a pain and suffering, loss of liberty, severe emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

49.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

50.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

51.   All of the aforementioned acts deprived plaintiff ANNA STANCZYK of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

52.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of her/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     As a result of defendants' aforesaid conduct, plaintiff ANNA STANCZYK was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

57.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ANNA STANCZYK's constitutional rights.

60.     As a result of the foregoing, plaintiff ANNA STANCZYK sustained, *inter alia*, severe bodily injuries, including, but not limited to, a separated shoulder.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as if fully set forth herein.

62.     The aforementioned individual defendants issued legal process to place ANNA STANCZYK under arrest.

63.     The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

64.     The aforementioned individual defendants acted with intent to do harm to plaintiff ANNA STANCZYK, without excuse or justification.

65.     As a result of the foregoing, plaintiff ANNA STANCZYK sustained, *inter alia*, loss of liberty, severe emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

## PENDANT STATE CLAIMS UNDER NEW YORK LAW

66.     Plaintiff repeats, reiterates and  realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     On or about  December 23, 2010, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

68.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

69.     Defendant THE CITY OF NEW YORK has not demanded a hearing pursuant to General Municipal Law § 50-h but is anticipated that said hearing will be held in the near future.

70.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

71.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

72.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF
### UNDER N.Y. STATE LAWASSAULT

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants' aforementioned actions placed plaintiff ANNA STANCZYK in apprehension of imminent harmful and offensive bodily contact.

75.     As a result of defendants' conduct, plaintiff ANNA STANCZYK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: BATTERY

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant police officers touched plaintiff ANNA STANCZYK in a harmful and offensive manner.

78.     Defendant police officers did so without privilege or consent from plaintiff.

79.     As a result of defendants' conduct, plaintiff ANNA STANCZYK has suffered severe emotional distress as well as multiple bodily injuries, including but not limited to, an avulsion fracture and multiple tears in her right knee, as well as contusions to her face, arms and chest.

## THIRD CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE ARREST

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendant police officers arrested plaintiff ANNA STANCZYK in the absence of probable cause and without a warrant.

82.     As a result of the aforesaid conduct by defendants, plaintiff ANNA STANCZYK was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

83.     The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

## FOURTH CLAIM FOR RELIEF
## UNDER N.Y. STATE LAW: FALSE IMPRISONMENT

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     As a result of the foregoing, plaintiff ANNA STANCZYK was falsely imprisoned, her liberty was restricted for an extended period of time, was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints.

86.     Plaintiff ANNA STANCZYK was conscious of said confinement and did not consent to same.

87.     The confinement of plaintiff ANNA STANCZYK was without probable cause and was not otherwise privileged.

88.     As a result of the aforementioned conduct, plaintiff ANNA STANCZYK has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

91.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

92.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

93.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff ANNA STANCZYK.

94.     As a result of the aforementioned conduct, plaintiff ANNA STANCZYK suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

95.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "194" with the same force and effect as if fully set forth herein.

96.     Prior to this incident, Officer Grossweiler had assaulted at least one other New York citizen, Elijah Griffiths, without any just cause or provocation.

97.     In connection with this prior incident, P.O. Grossweiller had made blatantly false and misleading claims against Mr. Griffiths in order to justify his unlawful use of force during that incident.

98.     Notwithstanding P.O. Grossweiler's false account of the force used against Mr. Griffiths, the Civilian Complaint Review Board ("CCRB") found that P.O. Grossweiler's use of force was unjustified and held that the civilian complaint against this officer was "substantiated."

99.     As a result of P.O. Grossweiler's prior unlawful use of force, and the CCRB's findings regarding same, defendant CITY OF NEW YORK was on notice of the vicious propensities of this officer and of his general unsuitability to serve as a member of the New York City Police Department.

100.    Notwithstanding this knowledge, defendant CITY OF NEW YORK continued to allow P.O. Grossweiler to interact with the public at large and to maintain his job as a police officer.

101.    Further, defendant CITY OF NEW YORK did not subject P.O. Grossweiler to any discipline for his prior unlawful actions, nor did it provide any additional training to P.O. Grossweiler regarding the proper use of force.

102.    Based on the foregoing, defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised P.O. Grossweiler.

103.    Due to the negligence of the defendant CITY OF NEW YORK, as set forth above,

plaintiff ANNA STANCZYK suffered physical and mental injury, pain and trauma, together

with embarrassment, humiliation shock, fright, and loss of freedom.

104.    As a result of the foregoing, plaintiff ANNA STANCZYK is entitled to

compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled

to punitive damage against the individual defendants in the sum of one million dollars

($1,000,000.00).

**WHEREFORE,** plaintiff ANNA STANCZYK demands judgment in the sum of two

million dollars ($2,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in

punitive damages, plus attorney's fees, costs, and disbursements of this action.

DATED:    January 10, 2010
          New York, New York

JON L. NORINSBERG
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # EXA-5-B






