# JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG
―――――
ALEX UMANSKY

August 5, 2011

**VIA E-MAIL & REGULAR MAIL**
Baree Fett, Esq.
City of New York Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007

    Re:    ***Anna Stanczyk v. City of New York, et al.***
                ***11 CV 0249* (FB) (RER)**

Dear Ms. Fett:

      We have reviewed Defendant City's Responses and Objections to Plaintiff's First Set of Interrogatories and Document Requests dated July 27, 2011. Defendants' responses to plaintiff's discovery demands are grossly deficient, as discussed below.

      Given the multiple extensions which plaintiff has granted, and the lengthy delays which have taken place thus far, we are greatly disappointed in the paltry number of documents which defendants have provided.[1] By this letter, plaintiff requests that defendants remedy all deficiencies in their responses immediately. If defendants fail to do so, plaintiff will have no choice but to file a motion to compel with the Court.

## PLAINTIFF'S DOCUMENT REQUESTS

**I.**    **Document Request No. 16:**

―――――

[1] Defendants have been further deficient in failing to follow through on *any* of the discovery goals outlined at the last court conference, including taking depositions of the three non-party witnesses identified by plaintiff, or conducting medical examinations of plaintiff in a timely manner.

Plaintiff's Document Request No. 16 requests defendants to produce "All documents pertaining to the Central Personnel Index Report ("Round Robin Report") for each individually named defendant.

Defendants' response is deficient in that objects on the basis that the request seeks "documents concerning allegations of misconduct which were not substantiated or did not result in a finding of wrongdoing, and to the extent it calls for documents concerning allegations of misconduct which did not involve allegations of false statements or allegations of similar nature as to those alleged in the complaint."

A Round Robin Report is simply a *list* of internal investigations of a police officer, <u>not</u> the actual files themselves. This document is routinely produced by your office and there is no legitimate basis for defendants to withhold this information. (<u>See</u> Round Robin Report annexed here to, provided by your colleague in a separate federal civil rights matter).

## II.     Document Request No. 17:

Plaintiff's Document Request No. 17 requires defendants to produce "All documents contained in the N.Y.P.D. Personnel File for each individually named defendant."

Defendants' response is deficient in that it objects on the basis that the request calls for "information protected by the deliberative process privilege and that it seeks personal and confidential information concerning members of the New York City Police Department and non-party individuals, the disclosure of which would be an unwarranted invasion of privacy." Once again, however, this is a document that is routinely produced by your office, and should be produced in this case as well.

To the extent that defendants are withholding allegedly privileged information, defendants must produce a privilege log for all documents and information being withheld on these grounds. Further, if defendants feel that information to be disclosed would be an "unwarranted invasion of privacy", defendants should utilize the protections of the Protective Order in effect in this case.

## III.    Document Request No. 18:

Plaintiff's Document Request No. 18 requests defendants to produce "All documents reflecting the C.C.R.B. history of each individually named defendant, including but not limited to, all complaints lodged against each defendant and the disposition of said complaints.

Defendants' response is deficient in that it objects on the basis that the request calls for "information protected by the deliberative process privilege." To the extent that defendants are withholding allegedly privileged information, defendants must produce a privilege log for all documents and information being withheld on these grounds.

Further, defendants' response is deficient in that it objects on the basis that the request

seeks "documents concerning allegations of misconduct which were not substantiated or did not result in a finding of wrongdoing, and to the extent it calls for documents concerning allegations of misconduct which did not involve allegations of false statements or allegations of similar nature as to those alleged in the complaint." However, the CCRB complaint against P.O. Grossweiller was *substantiated*. Therefore, there is no legal basis for withholding this information.

Moreover, under the law of this Circuit, courts have repeatedly held that internal affairs records and personnel records of defendant police officers are discoverable in a federal civil rights action. See, e.g., Bradley v. City of New York, 04 Civ. 8411, 2005 WL 2508253, at *2 (S.D.N.Y. 2005) ("courts have repeatedly directed production of such complaints, whether substantiated or unsubstantiated or even withdrawn, as well as records reflected in the CPI and IAB investigative records, and that documentation has frequently played a role in the courts' analysis of the merits of an array of claims under Section 1983."). See also Young v. City of New York, 10 Civ. 1701, 2010 U.S. Dist. LEXIS 107208, *8 (S.D.N.Y. 2010) ("Complete CCRB and IAB files relating to complaints or allegations against Defendants, similar to those raised in this action, shall be produced to Plaintiffs.").

Additionally, defendants have asserted that unsubstantiated complaints need not be disclosed, which is utterly false. It is well established that CCRB and IAB records do not have to be substantiated in order for those records to be discoverable. See Barrett v. City of New York, 05 Civ. 3760, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) ("Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and, thus, are discoverable"). See also Wisniewski, supra, at *2 (rejecting defendants' objections based on privilege and relevancy, and ordering production of "personnel records concerning the defendant police officers' disciplinary records."); Frails v. City of New York, 05 Civ. 4777, 236 F.R.D. 116, 118 (E.D.N.Y. 2006) (ordering production of "all CCRB, IAB and NYPD records of both substantiated and unsubstantiated complaints of misconduct against the defendant police officers of a similar nature to the claims in the complaint"); Fountain v. City of New York, 03 Civ. 4526, 2004 WL 941242 (S.D.N.Y. 2004) (granting motion to compel production of CCRB and internal affairs records). As such, any contention by defendants to the contrary is entirely without merit.

Finally, plaintiff refers defendants to plaintiff's amended complaint. (See Exhibit A.). Paragraphs 96-97 of plaintiff's amended complaint clearly refers to a prior incident involving P.O. Shaun Grossweiller's *blatantly false and misleading claims* against Elijah Griffiths in order to justify his unlawful use of force during that incident. Further, paragraph 98 of plaintiff's amended complaint clearly refers to the findings of the CCRB, which found P.O. Shaun Grossweiller's use of force as unjustified and held that the civilian complaint against the officer was *substantiated*. This discovery is directly relevant to plaintiff's negligent hiring and retention claims under New York State law. (See Amended Complaint - Paragraphs 95-103).

## IV.  Document Request No. 19:

Plaintiff's Document Request No. 19 requests defendants to produce a "Complete C.C.R.B. file relating to the substantial allegations of excessive force made by Elijah Griffiths against defendant P.O. Shaun Grossweiller, C.C.R.B. File No. 200714345.

Defendants' response is deficient in that it objects on the basis that the request seeks "documents concerning allegations of misconduct which were not substantiated or did not result in a finding of wrongdoing, and to the extent it calls for documents concerning allegations of misconduct which did not involve allegations of false statements or allegations of similar nature as to those alleged in the complaint."

To the contrary, plaintiff refers defendants to plaintiff's amended complaint. (See Exhibit A.). Paragraphs 96-97 of plaintiff's amended complaint clearly refers to a prior incident involving P.O. Shaun Grossweiller's *blatantly false and misleading claims* against Elijah Griffiths in order to justify his unlawful use of force during that incident. Further, paragraph 98 of plaintiff's amended complaint clearly refers to the findings of the CCRB, which found P.O. Shaun Grossweiller's use of force as unjustified and held that the civilian complaint against the officer was *substantiated.*

## V.  Document Request No. 20:

Plaintiff's Document Request No. 20 requests defendants to produce "all docuemnts contained in the N.Y.P.D. Internal Affairs Bureau File for each individually named defendant, including but not limited to, all reports, witness statements, and findings.

Defendants' response is deficient in that it objects on the basis that the request calls for "information protected by the deliberative process privilege." To the extent that defendants are withholding allegedly privileged information, defendants must produce a privilege log for all documents and information being withheld on these grounds.

Moreover, defendants must clearly state specific harms likely to accrue from disclosure of specific materials. See Wisniewski v. P.O. Claflin, et al., 05 Civ. 4956, 2007 WL 1120464, * 2 (E.D.N.Y. 2007). "In the context of a civil rights action asserted against police officers, no federal rule prohibits discovery of internal police documents." Thus, defendants opposing disclosure must make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." King v. Conde, 121 F.R.D. 189 (E.D.N.Y. 1988). The reasons for non-disclosure must be explained with particularity, such as "what interests would be harmed, how disclosure under a protective order would cause the harm, and how much harm there would be." Id. Further, such objections must be "accompanied by a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit." Id. If such a showing is not made, the Court has "no choice but to order disclosure." Id.

Further, defendants' response is deficient in that it objects on the basis that the request seeks "documents concerning allegations of misconduct which were not substantiated or did not result in a finding of wrongdoing, and to the extent it calls for documents concerning allegations of misconduct which did not involve allegations of false statements or allegations of similar nature as to those alleged in the complaint."

## VI.     IAB Group 54 Investigative File

Despite repeated promises and assurances from defendants, we have yet to receive a *single document* from this file. We therefore request that you provide this outstanding discovery immediately, and no later than August 12, 2011. Please accept this letter as a good faith attempt to resolve our discovery dispute prior to writing to the Court.

Sincerely yours,

Jon L. Norinsberg

Enclosures